IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEE L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3254-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on September 30, 2000[2]. The parties' briefs were fully submitted, and on May 17, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

[2]Plaintiff's application was filed on November 30, 2001.

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Dee Wilson was born in 1961, completed the tenth grade, and later obtained his General Equivalency Diploma.  He worked as a janitor and/or groundskeeper and asserts he is disabled because of lumbar, neck and shoulder pain and because of a sleep disorder.  He was injured in a motor vehicle accident in 2000, but the date for consideration for this application for disability benefits was on or after November 30, 2001.

After consideration of the record as a whole, the Administrative Law Judge (ALJ) found claimant had lumbar pain that was severe within the meaning of the Social Security Act, but that Wilson retained the residual functional capacity to perform a significant range of light work.  Two examples of light work that someone with claimant's limitations could perform were identified as mail clerk or cashier II.  The ALJ did not find claimant to have severe neck and shoulder pain or a sleep disorder because the record did not disclose required medical treatment, frequent hospital confinement or surgical intervention for those complaints.

Claimant challenges the finding that he is capable of working and asserts the ALJ gave too much weight to the findings of Drs. Ash and Clarke and did not give proper consideration to the findings of the treating chiropractor.

Wilson was referred by Disability Determinations Services to Dr. Ash, an orthopedist, in February 2002.  Dr. Ash diagnosed mild degenerative lumbar spine arthritis and soft tissue back and neck injury.  He found the limitations of motion were subjective and there were no objective findings to support a measurable limitation of work-related function. The Christian County Division of Family Services sent Wilson to Dr. Clarke for a neurological examination in July 2002.  Dr. Clarke indicated that the neurological examination was normal and that although there was moderate degeneration at the L5-S1 disc, it was insufficient to prevent work-related activities.  The records did not disclose a regular treating physician or otherwise suggest that Wilson sought ongoing treatment, other than 1) treatment for his condition in the first days and weeks after the accident, 2) chiropractic manipulation, or 3) to obtain medical source statements for disability determinations.

Nevertheless, Wilson testified that his pain was a seven on a scale of ten and that he would lie down six or seven times per day for 15 to 60 minutes at a time in an effort to reduce the pain.  The issue for the ALJ was not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).  Thus, in light of the medical records and claimant's testimony, the ALJ had

3

to consider the record as a whole in determining Wilson's credibility and his ability to do work-related activity.

In this case, the ALJ noted Wilson's reported daily activities, with some comparison of his pre-onset activity and his present activity level, his sporadic work history, the lack of objective medical evidence to support the degree of limitations alleged, the lack of complaints to physicians regarding side effects from medications, and the lack of medical care other than for chiropractic manipulation.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605. In this case, the ALJ's decision was supported by substantial evidence based upon the record as a whole.

Further, the ALJ did not err in his explanatory comment that the records and opinion of John E. Danz, D.C., was not an acceptable medical source under the Social Security regulations. Given the overall record, the ALJ was not required to give additional weight to the opinion or records of Danz, which showed that claimant was receiving regular manipulations.

Accordingly, for these reasons and those set forth in more detail in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 25th day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge